894 A.2d 75 (2006)
384 N.J. Super. 141
Martin O'DONNELL, Plaintiff-Respondent,
v.
Sharon SINGLETON f/k/a O'Donnell, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 2006.
Decided March 23, 2006.
*76 Bonnie C. Frost, Denville, argued the cause for appellant (Einhorn, Harris, Ascher, Barbarito, Frost and Ironson, attorneys; Ms. Frost and Catherine F. Riordan, on the brief).
Martin O'Donnell, respondent, argued the cause pro se.
Before Judges KESTIN[1], R.B. COLEMAN and SELTZER.
The opinion of the court was delivered by
SELTZER, J.S.C. (temporarily assigned).
Defendant appeals from that portion of an April 26, 2005, post-judgment Family Part order that requires her to share the driving responsibilities necessary to effectuate plaintiff's parenting time. We affirm.
The parties were divorced on May 7, 2003, after almost ten years of marriage. They are the parents of two children: Brooke, who was born on October 27, 1994, and Devon, who was born on June 17, 1998. While the parties had joint legal custody of their children, defendant was designated the parent of primary residence. Plaintiff was afforded parenting time every other weekend. At the time of the divorce, plaintiff lived in Mt. Arlington, New Jersey and defendant lived in Hopatcong, New Jersey. In August 2003, plaintiff moved to Montgomery, New York, approximately eighty miles from plaintiff's residence.
Various disputes arose between the parties and the difficulties they experienced, including those involving the transportation of the children between their homes, ultimately resulted in the appointment of a parenting coordinator. Although that parenting coordinator was instrumental in resolving many of the problems experienced by the parties, the transportation issues remained problematic. At the recommendation of the parenting coordinator, the court compelled the parties to attend a hearing on April 26, 2005. At that time, many issues were resolved but the mechanism for facilitating parenting time remained. Ultimately, the court entered an order that required defendant to transport the children to a location approximately midway between her home and that of plaintiff where, at a specified time, the children would be delivered to plaintiff. The order also required that plaintiff return the children to defendant at the same time and location on the following Sunday. The effect of the order was to require defendant to travel eighty miles, round-trip, twice every other week.
Defendant appeals from that order and raises the following arguments:
POINT I
THE COURT ABUSED ITS DISCRETION IN ORDERING THE CUSTODIAL PARENT TO SHARE THE DRIVING TO ACCOMMODATE THE NON-CUSTODIAL PARENT'S PARENTING TIME AFTER THE PLAINTIFF MOVED TO NEW YORK, AND UNDER CIRCUMSTANCES WHERE THE DEFENDANT *77 HAS FULL RESPONSIBILITY OF DRIVING THE CHILDREN EVERY DAY, TO EVERY ACTIVITY, EVENT AND APPOINTMENT.
POINT II
IN ORDERING THE DEFENDANT TO ASSUME THE ADDITIONAL TIME AND ECONOMIC BURDEN OF SHARING THE TRANSPORTATION OF THE CHILDREN ON THE PLAINTIFF'S WEEKEND VISITATION, THE COURT ERRED IN FAILING TO MODIFY THE PLAINTIFF'S CHILD SUPPORT OR CONSIDER THE DEFENDANT'S BUDGET.
We do not believe that either argument merits extensive discussion. It is an unfortunate reality that many divorced parents are unable to resolve amicably the tensions that invariably arise when children are involved. The dispute exemplified by the parties' positions here is typical of those faced daily by Family Part judges throughout the State. Those judges "have developed a special expertise in dealing with family and family-type matters...." In re Estate of Roccamonte, 174 N.J. 381, 399, 808 A.2d 838 (2002); Cesare v. Cesare, 154 N.J. 394, 412-13, 713 A.2d 390 (1998). Accordingly, we have entrusted to them the delicate responsibility for resolving such disputes. The proper resolution of each dispute depends on the particular factual context in which it arises and necessarily requires an appreciation of the positions occupied by the litigants and a sensitivity to the needs of the parties and their children.
Judge Farber had been presiding over the disagreements between plaintiff and defendant since the institution of the divorce action and we cannot say that his resolution of this problem was so wide of the mark as to constitute an improper exercise of his discretion. Quite the contrary, it appears to be a reasonable resolution of the problem with which he was faced. In the absence of an abuse of discretion, we will not interfere with a Family Part judge who has exercised an acquired expertise to resolve a dispute such as the one presented to us.
Affirmed.
NOTES
[1] Judge Kestin did not participate in oral argument. However, with the consent of all parties, he has joined in this opinion. R. 2:13-2(b).